UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYON FINANCIAL SERVICES, INC., *doing business as* US Bancorp Manifest Funding Services,<br><br>           Plaintiff,<br><br>     v.<br><br>RJAEI, INC., *doing business as* Dominos, ROBERT STEPHENSON, and JOYCE STEPHENSON,<br><br>           Defendants. | Case No. 09-cv-441-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Lyon Financial Services, Inc.'s ("Lyon") Motion to Reinstate and Entry of Judgment (Doc. 14).  On September 14, 2009, the Court acknowledged Lyon's Stipulation of Dismissal (Doc. 11) without prejudice and directed the Clerk of Court to enter judgment accordingly.  Doc. 12.  Accordingly, on the same day, the Clerk of Court entered Judgment (Doc. 13) without prejudice against Defendants.  Upon Defendants' recently purported breach of the parties' settlement agreement, Lyon filed the instant motion.  Lyon seeks reinstatement of this case and judgment against Defendants for damages, interest, and attorneys fees and costs for a total of $91,435.42.

"When a case settles, a district court typically dismisses the suit *with* prejudice and relinquishes jurisdiction; any action to enforce the settlement agreement must proceed as a state-law contract claim, which the district court may entertain only if there is an independent basis for jurisdiction, such as diversity." *White v. Adams*, No. 08-2801, 2009 WL 773877, at *1 (7th Cir. Mar. 25, 2009) (emphasis added) (citing *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)).  *See also Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 857 (7th

Cir. 2002) ("[T]he settlement is just a contract, so a suit on the settlement needs an independent basis of federal jurisdiction[.]") (emphasis in original).  This case is somewhat unique in that dismissal of Defendants was, again, without prejudice.  A district court may implicitly retain jurisdiction of a settled suit if it was dismissed without prejudice.  *See Lynch*, 279 F.3d at 489.  Moreover, the Court has an independent basis of jurisdiction over this matter in that the diversity statute, 28 U.S.C. § 1332, served as the original basis for the Court's subject matter jurisdiction.  The Court has no reason to believe that Lyon is not still a citizen of Minnesota or that Defendants are not still citizens of Illinois, and the amount in controversy clearly exceeds $75,000 in light of Lyon's prayer for $91,435.42.  Put simply, the Court has the jurisdiction to reopen this case, and it will now do so.  The Court, however, will not be so brash as to enter amended judgment against Defendants without first affording them an opportunity to be heard.

For the foregoing reasons, the Court **GRANTS in part** the Motion to Reinstate and Entry of Judgment (Doc. 14).  Specifically, insofar as Lyon seeks to reopen the instant litigation, the Court **REINSTATES** this case; accordingly, the Court **VACATES** the Judgment (Doc. 13) of September 14, 2009.  The Court **RESERVES RULING** on the instant motion to the extent Lyon requests entry of judgment.  Defendants shall have up to and including February 18, 2011 to enter their appearance and respond to the instant motion.  Lyon shall have seven days to file their reply, if any thereto.  **It shall be Lyon's responsibility to ensure that this order is immediately served upon Defendants.**

**IT IS SO ORDERED.**
**DATED: January 4, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**